UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES P. GRANGER, | * | CIVIL ACTION NO.: |
| Plaintiff | | |
| | | |
| VERSUS | * | SECTION: |
| | | |
| ODYSSEA VESSELS, INC., | * | JUDGE: |
| APACHE CORPORATION, | | |
| and | * | MAGISTRATE: |
| W & T OFFSHORE, INC., | | |
| Defendants | * | IN ADMIRALTY / Rule  9 (h) |

*     *     *     *     *     *     *

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes JAMES P. GRANGER, a person of full age of majority and resident of the State of Alabama, and for his Complaint respectfully represents as follows:

I.

## JURISDICTION

This Court has jurisdiction in Admiralty pursuant to 28 U.S.C. 1333.  Plaintiff hereby designates his claims as admiralty and maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

II.

## PARTIES DEFENDANT

Made defendants herein are:

1.     ODYSSEA VESSELS, INC., on information and belief, is a non-Louisiana corporation authorized to do and doing business within the State of Louisiana, within the jurisdiction of this Honorable Court, and was at all pertinent times herein the employer of plaintiff.

2.     APACHE CORPORATION (OF DELAWARE), on information and belief, is a non-Louisiana corporation authorized to do and doing business within the State of Louisiana, within the jurisdiction of this Honorable Court, and was at all pertinent times herein the operator of an offshore platform at which plaintiff was working.

3.     W & T OFFSHORE, INC., on information and belief, is a non-Louisiana corporation authorized to do and doing business within the State of Louisiana, within the jurisdiction of this Honorable Court, and was at all times herein the owner and operator of an offshore platform, the operation of which caused and/or contributed to plaintiff's injury.

## FIRST CAUSE OF ACTION

III.

Petitioner, JAMES P. GRANGER, was at all times mentioned herein an employee of defendant ODYSSEA VESSELS, INC., performing his duties as a seaman aboard the M/V ODYSSEA DYNAMIC, a vessel owned and/or operated by defendant ODYSSEA VESSELS, INC., working in the interest of this defendant and also in the interest of APACHE CORPORATION (OF DELAWARE), and W & T OFFSHORE, INC., the operator and owner respectively of an offshore platform which the M/V ODYSSEA DYNAMIC was supplying and/or servicing, and for which defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. 688, and

2

pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, including but not limited to C.C. Arts. 2315 et seq., and he hereby designates this claim as one in admiralty and maritime pursuant to Rule 9 (h) of the Federal Rules of Civil Procedure, for the following reasons:

IV.

On or about April 19, 2013, plaintiff was employed by defendant, ODYSSEA VESSELS, INC., as a seaman aboard the vessel ODYSSEA DYNAMIC, near a platform which was owned and/or operated by the defendants APACHE CORPORATION (OF DELAWARE) and W & T OFFSHORE, INC.  In the course of performing those duties, plaintiff was knocked over by a large wave and pushed several times into equipment and appurtenances on the deck, causing him to sustain serious and disabling injuries because of the negligence of the defendants, unseaworthiness of its vessels, and/or defects in the premises.

V.

Plaintiff was in no manner negligent.  On information and belief, plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1.      Hiring untrained and unskilled employees;

2.      Failure to properly train employees;

3.      Retaining employees found to be careless and/or unskilled;

4.      Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

3

5.      Failure to exercise reasonable care in discovering, correcting, or avoiding unsafe conditions existing on the vessel;

6.      Failure to provide competent and adequate supervisory authority;

7.      Failure to provide plaintiff with a safe place in which to work;

8.      Failure to properly maintain and adhere to safe work practices;

9.      Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

10.     Other acts of negligence and unseaworthiness to be proven at the trial of this case.


## VI.

Solely by reason of the negligence of the defendants, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: injuries to his right knee, hip, back, neck, shoulder, and head, as well as other bones, muscles, joints, and nerves. As a result thereof, plaintiff has in the past and will in the future require medicines, surgery, and other medical care and treatment.  He has and will have to expend moneys and incur obligations for treatment and care.  He has suffered and will continue to suffer agonizing aches, pains, and mental anguish.  He has been and will most likely continue to be disabled from performing his usual duties, occupations and avocations.


## VII.

As a direct and proximate result of the aforesaid negligence and breach of duties on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, together with legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

4

## SECOND CAUSE OF ACTION
## MAINTENANCE AND CURE

### VIII.

Petitioner repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he has been rendered unfit for duty as a seaman and will remain so for an as yet undetermined time.

### IX.

Pursuant to the General Maritime Laws of the United States of America, the defendant owes the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his disability until full recovery.

### X.

Thus, the defendant is indebted unto the petitioner for maintenance and cure benefits in the amount of THIRTY ($30.00) DOLLARS per day until he has fully recovered from his injuries, or such amount as he is legally entitled to, plus interest from the date of occurrence, reasonable attorneys' fees, and all costs of these proceedings.


**WHEREFORE**, plaintiff prays that the defendants be served with a copy of this petition, and after due proceedings had and the expiration of all legal delays herein, there be a judgment rendered in favor of the petitioner, JAMES P. GRANGER and against defendants, ODYSSEA VESSELS, INC., APACHE CORPORATION (OF DELAWARE), and W & T OFFSHORE,

INC.,  in an amount to be determined at trial, together with interest from the date of occurrence

until paid, attorney's fees, and all costs; and for any and all other relief which the law and justice

provides.

RESPECTFULLY SUBMITTED:

/s/ Lawrence Blake Jones
_____
LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
STEPHEN F. ARMBRUSTER (23627)
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

**Attorneys for Plaintiff,**
JAMES P. GRANGER

6