UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES P. GRANGER | CIVIL ACTION NO. 14-cv-45 |
| VERSUS | SECTION "C" |
| ODYSSEA VESSELS, INC., ET AL | HON. HELEN BERRIGAN |

## ORDER AND REASONS

IT IS ORDERED that:

1. **Exhibit 16 – Incident Report by "Odyssea" regarding James Granger, dated 4-19-13**

    Defendants object that this exhibit contains hearsay, specifically relating to statements about pain complaints by Granger, and asks that the Court exclude any such hearsay statements. Rec. Doc. 35 at 1-2. Plaintiff responds that the report falls under an exception to the hearsay rule under Fed. R. Evid. 803(6) and 804(a)(5) because it is a record of a regularly conducted activity. Rec. Doc. 37 at 1-2. The Court finds that the exhibit will qualify as an exception under the hearsay rule provided that plaintiff is able to corroborate through witness testimony at trial that the requirements of Rule 803(6) are met. Defendants further object that the report is improperly used to prove liability for the incident, though the report itself does not address liability, and will be cumulative of

testimony of witnesses that plaintiff has subpoenaed for trial. Rec. Doc. 35 at 2. The Court disagrees that the report is unrelated to liability. The "Description of Incident" field provides an account of the events leading up to James Granger's injury, which is relevant to the issue of liability. As to whether the report will be cumulative, the account represents the impressions of Captain Mark Nevala, whose vantage point during the events differed from other potential witnesses. Plaintiff states that Capt. Nevala has been subpoenaed but has been offshore and may not be available at trial. Thus, the Court finds that the exhibit is cumulative only if Capt. Nevala is available to testify at trial. Accordingly, the objection is OVERRULED IN PART and DEFERRED IN PART.

2. **Exhibit 17 – Performance Evaluation of James Granger, 8/20-22/12**

   Defendants object that this exhibit is irrelevant under Fed. R. Evid. 401 since it describes Granger's performance on August 20, 2012, eight months prior to the incident at issue in this suit. Rec. Doc. 35 at 2. The Court finds that the exhibit is relevant since defendants assert that Granger's injury was due, in part, to his work performance—in particular his failure to position himself correctly, pay attention to the seas, or exercise his stop work authority. Rec. Doc. 34 at 1-2. Thus, the objection is OVERRULED.

3. **Exhibit 18 – Dr. Morvant's records**

   Defendants object that the inclusion of Dr. Morvant's entire file is cumulative since plaintiff will be taking Dr. Morvant's deposition on March 12. Rec. Doc. 35 at 2. Plaintiff agrees that Dr. Morvant's deposition may supersede the records in his file. The Court therefore SUSTAINS the objection. Plaintiff may not introduce exhibits from Dr. Morvant's file that are duplicative of Dr. Morvant's deposition testimony.

4. **Exhibit 20 – Rehab in Motion Physical Therapy**

Defendants object that this exhibit contains hearsay in the form of statements Granger made about the incident and alleged re-injury. They assert that the records should be limited to only those parts relevant to plaintiff's knee injury. Rec. Doc. 35 at 2. Plaintiff avers that these records are relevant only "to the extent they are for treatment relating to the knee injury," and appears to suggest that they do not plan to use the records for any other purpose beyond showing the extent of Granger's knee injury. Thus, this exhibit is admitted to the extent it is relevant for showing treatment for plaintiff's knee injury. Those portions which contain plaintiff's statements about how he injured and re-injured his knee are not admitted, since they do not fall under any of the hearsay exceptions.

5. **Exhibit 21 – Records of Thomas Hospital**

Defendants contend that the records of plaintiff's visits to Thomas Hospital are irrelevant and unfairly prejudicial because plaintiff had not previously presented the charges for these visits to his employer, which he would have done had they been job-related, and had not previously complained of back pain. Rec. Doc. 35 at 2-3. However, plaintiff's complaint lists back injuries as one of the injuries caused by the incident at issue. Rec. Doc. 1 at 4. Accordingly, these records are relevant to plaintiff's alleged back injury. Fed. R. Evid. 401. In addition, the Court finds that the probative value of these records is not outweighed by the potential for prejudice. Fed. R. Evid. 403. Defendants have been on notice since at least December 29, 2014 that plaintiff intended to introduce records relating to Granger's back pain. Rec. Doc. 26. Finally, defendants argue that the records contain hearsay in the form of statements made by Granger. However, the Court finds that Granger's statements contained in pages 19 and 45 of these records are excepted from the rule against hearsay under Fed. R. Evid. 803(4). The records show that Granger

stated he had previously been diagnosed with sciatica, described the pain and symptoms he was experiencing at the time of the visit, and when those symptoms arose. These are "of the type reasonably pertinent to a physician in providing treatment." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 277 (5th Cir. 1991). Indeed, statements that "reveal symptoms, objective data, surrounding circumstances or any *factual* data that a reasonable physician would consider relevant in the treatment or even diagnosis of a medical condition" are considered admissible under Rule 803(4). *Gong v. Hirsch*, 913 F.2d 1269, 1274 (7th Cir. 1990). Accordingly, the objection is OVERRULED.

6. **Exhibit 22 – Records of F. Allen Johnston, M.D**.

   Defendants claim that Dr. Johnston's records contain hearsay, particularly insofar as they contain Granger's description of the incident at issue. Rec. Doc. 35 at 3. However, as discussed above, such statements may be admissible if they are of the type reasonably pertinent to a physician in providing treatment. *Rock*, 922 F.2d at 277. Moreover, though statements of fault should be excluded, statements as to causation have been deemed admissible. Thus, the Fifth Circuit has commented that:

   > a statement made to a physician that the defendant's car struck his vehicle was admissible under Rule 803(4), but that statements concerning who ran the red light of the fault of the parties are not pertinent to diagnosis or treatment.

   *Id.* at 277-278. The Court finds that Granger's statement that he was "thrown up against some tanks by 15 foot seas that came crashing on the boat he was working on" to be akin to a statement of fault. Accordingly, this statement shall be excluded. The rest of Dr. Johnston's records do not touch upon causation and are thus admissible. Defendants also opine that anything Granger told Dr. Johnston is inadmissible because Dr. Johnston is a doctor to whom Granger was sent by his attorneys as part of the litigation. Rec. Doc. 35

at 3. However, Rule 803(4) does not distinguish between physicians hired solely to testify in litigation and treating physicians. 30C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 7045 (2014 ed.). Accordingly, the objection is SUSTAINED IN PART and OVERRULED IN PART.

7. **Exhibit 23 – Medical Records from Daphne Family Practice**

   Defendants object that this exhibit contains hearsay. Rec. Doc. 35. However, Granger's statements fall under Fed. R. Evid. 803(4)'s exception to the hearsay rule. The records show that Granger described his mood and thoughts, stated that he had a history of depression. Granger also states that after a period of improvement, he injured himself at his job and "it led to him being out of work for some time now" and that he experiences "a lot of pain from his injury to his leg and back." Granger also describes his daily routine and his relationship with his family members. The Court finds that these are all statements that would be reasonably pertinent to a mental health physician in diagnosing possible mental illness. Accordingly, defendants' hearsay objection is OVERRULED. Defendants also claim that the records are irrelevant and prejudicial under Fed. R. Evid. 401 and 403 because Granger did not complain of mental issues after the incident. Rec. Doc. 35 at 4. However, the complaint states that Granger has suffered "mental anguish" as a result of his injuries. Rec. Doc. 1 at 4. Thus, the Court finds that defendants have been on notice that plaintiff planned to bring a claim for mental anguish and are not prejudiced by the inclusion of these records, and that these records are relevant to plaintiff's mental anguish claim. Accordingly, these objections are also OVERRULED.

8. ***Witnesses – Joni Hawkins, Dr. Richard Morvant, Niketa Bodalia, P.T., Dr. F, Allen Johnston, and Dr. Laura Thompson***

Defendants object to any testimony from these witnesses that may constitute hearsay, citing *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272 (5th Cir. 1991). Rec. Doc. 35 at 4-5. In that case, the court found that statements made by the plaintiff to doctors did not fall under Fed. R. Evid. 803(4)'s hearsay exception because they contained assertions of fault that were not pertinent to the doctors' diagnoses. In that case, the Fifth Circuit noted:

> The doctors stated that they only needed to know that [the plaintiff] had twisted his ankle; they did not need to know the additional detail that [the plaintiff] may have twisted the ankle while stepping through a rusted-out or defective step or by slipping in some grease in order to diagnose or treat Rock's injury.

*Id.* at 278. Accordingly, Rock's statements about fault were found to be inadmissible. However, as this case illustrates, the determination of what types of statements are "reasonably pertinent to diagnosis or treatment" under Rule 803(4) frequently turns on judgments made by the medical professionals themselves about what kind of information they rely on to diagnose and treat patients. Thus, the Court DEFERS ruling on defendants' hearsay objections as they pertain to the physician witnesses listed here, since the exact content of such statements is unknown and the Court may benefit from the guidance of the witnesses themselves as to what types of statements are pertinent to diagnosis and treatment.

Defendants object to testimony from Joni Hawkins that may contain hearsay. In *Rock v. Huffco*, the Fifth Circuit stated that "hearsay testimony by family members of a deceased man concerning statements made prior to his death" that were introduced "in order to establish the cause of his injury" were "inherently unreliable." 922 F.2d at 282. Thus, any testimony by Joni Hawkins about statements made by Granger regarding the cause of his injuries are deemed inadmissible hearsay.

Defendants object to any hearsay statements that may be contained in the testimony of Niketa Bodalia, a physical therapist who treated Granger. Plaintiffs have not raised any exceptions to the hearsay rule that are applicable to Bodalia's testimony. Thus, the Court finds that any hearsay statements made by Bodalia are inadmissible.

Finally, defendants argue that plaintiff should not be permitted to introduce any testimony at all from Dr. F. Allen Johnston or Dr. Laura Thompson. They contend that the proposed testimony relates to injuries or conditions that were not caused by the incident in the suit. Rec. Doc. 35 at 4. The Court finds that this argument is conclusory, as it asks the Court to find prior to trial that Granger's injuries were limited to his right knee. Accordingly, the Court will allow the testimony of Dr. Johnston and Dr. Thompson.

New Orleans, Louisiana this 16th day of March 2015.

                                HELEN G. BERRIGAN
                                UNITED STATES DISTRICT JUDGE